# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STARNET INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 2346 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ILLINOIS NATIONAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

StarNet Insurance Company ("StarNet") has sued Illinois National Insurance Company ("National") for a declaration that National has a duty to defend and indemnify the parties' insured, Wyndham Worldwide, and for more than $17 million in damages. National has filed a motion to dismiss, or in the alternative, to transfer this suit to the District of New Jersey. For the reasons stated below, the Court denies the motion to dismiss and grants the motion to transfer.

## Facts

In 2001, Cendant Operations, Inc. ("Cendant") and Jet Aviation Business Jets Inc. entered into a contract pursuant to which Jet Aviation agreed to operate and maintain Cendant's aircraft. (Compl. ¶ 7.) Subsequently, Cendant assigned its interests under the agreement to Wyndham Worldwide. (*Id.* ¶ 8.)

Pursuant to the agreement, Wyndham Worldwide purchased aircraft liability insurance coverage through Jet Aviation's fleet insurance provider, National. (*Id.* ¶ 9.) Wyndham Worldwide also purchased a non-owned aircraft policy from StarNet. (*Id.* ¶ 11.)

In August 2008, a rented airplane piloted by one of Wyndham Worldwide's employees crashed, "resulting in multiple deaths, personal injuries, and property damage." (*Id.* ¶ 16.) Thereafter,

the survivors, the estates of the crash victims and the owners of the damaged property filed suit against Wyndham Worldwide in Oregon and Florida. (*Id.* ¶ 17.) StarNet has defended and indemnified Wyndham Worldwide with respect to these suits. (*Id.* ¶ 18.)

In April 2009, National sued Wyndham Worldwide in the U.S. District Court for the District of New Jersey seeking a declaration that Wyndham Worldwide is not entitled to coverage under the National policy. (*See* Decl. Andrew T. Houghton Supp. Mot. Dismiss ¶ 4.) That case is still pending. (*Id.* ¶ 11.)

### Discussion

**Motion to Dismiss**

National argues that this case should be dismissed because it is duplicative of the New Jersey suit. *See Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (stating that a suit in one federal court that involves the same claims, parties and relief as a case pending in another federal court may be dismissed as duplicative). The Court disagrees. Whether National has a duty to defend and indemnify Wyndham Worldwide is at issue in both cases. However, the damages, if any, that National must pay StarNet is only at issue here. Thus, this suit is not duplicative of the one in New Jersey.

**Motion To Transfer Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties consented." 28 U.S.C. § 1404(a). Transfer of venue is proper under § 1404(a) when "(1) venue was proper in the transferor district; (2) venue and jurisdiction would

be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *Simonian v. Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *1 (N.D. Ill. Oct. 7, 2010). The parties do not dispute that venue is proper in this Court or that venue and jurisdiction would be proper in the District of New Jersey. Therefore, the Court will only consider whether National has shown that a transfer will serve the private and public interests.

**Private Interests**

The private interest factors include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses. *Id.* at *2. "[P]laintiff's choice of forum is generally given substantial deference," unless plaintiff "is not a resident of the forum district." *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 629-30 (N.D. Ill. 1997). Such is the case here. StarNet is a Delaware corporation with its principal place of business in Connecticut. Thus, the fact that it chose to file suit in Illinois is given little deference.

Illinois is also not the situs of material events. Though National is located here, Wyndham Worldwide and Cendant are located in New Jersey, the National policy was delivered to a Jet Aviation entity in New Jersey and the aircraft services agreement pursuant to which Wyndham Worldwide purchased the National policy was executed in New Jersey. (*See* Decl. Andrew T. Houghton Supp. Def.'s Mot. Dismiss ¶ 15; *id.*, Ex. E, Answer ¶ 6, *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, No. 09-1724 (JAG); *id.*, Ex. I, Aircraft Management Services Agreement at 1; *id.*, Ex. K, Letter to Jet Aviation from Marsh, July 8, 2008.) Accordingly, New Jersey is the situs of material events.

3

The next factor is access to proof. However, the parties do not state what non-testimonial evidence, if any, they will need at trial, where that evidence is located, or whether it can be easily transported. Therefore, this factor is accorded no weight.

The same is true for the convenience-of-witnesses factor. To assess this factor, the Court "look[s] beyond the number of witnesses to be called and instead examine[s] the nature and quality of the witnesses' anticipated testimony with respect to the issues of the case." *Commercial Coin Laundry Sys. v. Park P, LLC*, No. 08 C 1853, 2008 WL 5059192, at *9 (N.D. Ill. Nov. 21, 2008). StarNet has not identified any non-party witnesses it anticipates calling at trial, and though National has identified three, it does not describe the nature of their expected testimony. (*See* Decl. Andrew T. Houghton Supp. Mot. Dismiss ¶¶ 18-19.) Thus, witness convenience plays no role in this case.

Nor does the convenience-to-parties factor. Ordinarily, this factor is assessed by considering the parties' "respective residences and abilities to bear the expense of trial in a particular forum." *Van Holdt v. Husky Injection Molding Sys.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). In this case, however, neither party argues that it would suffer hardship if required to litigate in the forum it opposes. Indeed, any such argument would be incredible, given that: (1) National is an Illinois resident but wants the suit transferred to New Jersey; (2) StarNet is a Connecticut resident but wants the suit to remain here; and (3) both parties are already litigating a related suit in New Jersey. Therefore, the parties' convenience is not a consideration here.

**Public Interests**

Public interest factors "relate to the efficient administration of the court system, such as likelihood of a speedy trial, feasibility of consolidation, and in a diversity case, familiarity of judges with applicable law." *Simonian*, 2010 WL 3975564, at *4 (quotation omitted). This case would likely

4

get to trial sooner in the Northern District of Illinois than in the District of New Jersey. *See* www.uscourts.gov/Statistics/FederalCourtManagementStatistics/DistrictCourtsSep2011.aspx (then follow "Illinois Northern" and "New Jersey" hyperlinks) (last visited Aug. 9, 2012) (stating that the median time from filing to trial for a civil case in this district is 28.4 months and 43.6 months in the District of New Jersey). That consideration, however, is outweighed by the fact that transferring this case to New Jersey, where a related suit is already pending, will conserve increasingly scarce judicial resources. *See United States v. Monkman*, No. 86 C 3671, 1986 WL 11999, at *2 (N.D. Ill. Oct. 17, 1986) ("A pending related federal action in the proposed venue is a factor of considerable weight on a motion to transfer."). "Given the strong overlap between these lawsuits, it would waste time, energy, and money to allow these two cases to proceed in different districts – the very problems sought to be prevented by § 1404(a)." *Simonian*, 2010 WL 3975564, at *5.

## Conclusion

On balance, the private and public interest factors favor transferring this case to New Jersey. Therefore, the Court grants in part and denies in part National's motion to dismiss or transfer [9] and orders the Clerk of the Court to transfer this case to the District of New Jersey. This case is terminated.

**SO ORDERED.**                    **ENTER: August 22, 2012**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

5